UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11645 DPW

```
RAPTIM INTERNATIONAL TRAVEL INC.,   )
                                    )
                    Plaintiff,      )
                                    )
vs.                                 )   Civil Action
                                    )
WATERFRONT TRAVEL SERVICE, INC.,    )
                                    )
                    Defendant.      )
                                    )
```

MAGISTRATE JUDGE:

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 /
WAIVER FORM
MCF ISSUED
BY DPTY CLK _____
DATE 7/22/04

## COMPLAINT

### NATURE OF THE ACTION

This action seeks injunctive relief and damages against Waterfront Travel Services, Inc. ("WTS") for (i) service mark infringement in violation of the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq.; (ii) service mark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iii) false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iv) violation of the Anticybersquatting Act, 15 U.S.C. § 1125(d); and (v) common law service mark and trade name infringement, dilution and unfair competition.

### PARTIES

1. Raptim International Travel, Inc. ("Raptim International") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 145 North Fourth Street, Lewiston, New York.

2. Defendant WTS is a Massachusetts corporation with its principal place of business at 102 Union Wharf, Boston, Massachusetts.

## JURISDICTION AND VENUE

3. Jurisdiction over this action is conferred on this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

4. Venue in this District is proper under 28 U.S.C. § 1391(b).

## BACKGROUND

5. Since 1949, Raptim International, Raptim Intercontinental Holdings ("Raptim Holdings") and Raptim Transport Services ("Raptim Transport") (collectively, the "Raptim Companies") have maintained and developed, at considerable expense, in the United States and worldwide, valuable service marks, a valuable trade name, a reputation for excellence, and valuable relationships with clients and prospective clients.

6. In order to maintain these assets and associated goodwill, the Raptim Companies have invested substantial amounts of money and time.

7. On or about November 6, 1991, Raptim International filed an application with the United States Patent and Trademark Office ("PTO") seeking to register the service mark RAPTIM for use in connection with, among other things, arranging travel tours for missionaries.

8. On or about July 27, 1993, the PTO issued a Certificate of Registration to Raptim International registering the mark (Registration No. 1,784,472). A copy of the registration is attached as Exhibit A.

9. Raptim International subsequently filed affidavits with the PTO pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065. The PTO accepted the affidavits and the registration has become incontestable pursuant to 15 U.S.C. § 1065.

10. Raptim International is the owner of U.S. Trademark Registration No. 1,784,472.

11. The Raptim Companies have continuously used the mark RAPTIM® in commerce since 1949 throughout the world.

12. RAPTIM® has become widely and favorably known throughout the United States and the world, is distinctive, famous and serves as an identifier of Raptim International's products and services, based upon many years of widespread use and extensive advertising and promotion. The public has come to associate the famous RAPTIM® mark with Raptim International, the Raptim Companies and their authorized affiliates as a source of high quality travel services.

13. The Raptim Companies spend substantial sums each year to advertise, promote, protect and enforce the RAPTIM® mark.

14. RAPTIM® immediately identifies Raptim International's and its authorized affiliates' products and services to both commercial and personal customers.

15. As a result of Raptim International's activities in promoting and policing the mark, Raptim International has acquired substantial goodwill in the mark.

## WTS'S UNLAWFUL CONDUCT

16. In 1992, Raptim Holdings appointed WTS as an agent for the purpose of selling and arranging reduced travel fares and tours for missionary organizations.

17. In October, 2003, Raptim International, on behalf of itself and the other Raptim Companies, terminated WTS's rights to use the mark RAPTIM®.

18.     In March, 2004, Raptim Transport notified WTS that the Raptim Companies' negotiated reduced air fare arrangement with the Italian airline Alitalia had been terminated.

19.     WTS does not offer any fares or services provided through or negotiated by the Raptim Companies, yet willfully refused and continues to refuse to cease its use of the mark RAPTIM® and Raptim's trade name. Among other things,

> A.  WTS has registered and maintains a website, wtsraptim.com, in which the defendant has improperly imbedded the plaintiff's tradename and trademark RAPTIM® within the domain name
>
> B.  WTS maintains a business telephone number (617) 723-1960 containing a recorded message which misleads callers by referring to the defendant as a "WTS/Raptim Transport Services representative."
>
> C.  On information and belief, WTS offers travel tours and travel fares for missionaries under the RAPTIM® mark and trade name, through its website at wtsraptim.com and otherwise, thereby misleading consumers into believing that they are purchasing a Raptim International product or service.

20.     Defendant's conduct is likely to cause confusion or mistake and/or deceive the purchasing public to believe that defendant is affiliated with, related to, sponsored by or connected with the Raptim Companies.

21. Defendant's conduct is likely to cause consumer confusion as to the affiliation or connection between defendant and the Raptim Companies, and thereby permit defendant to trade on the goodwill which Raptim International has developed over many years.

22. WTS's actions have been willful and have been undertaken with the purpose of deceiving consumers and/or to misappropriate Raptim International's mark and associated goodwill for the unjust benefit of WTS.

## COUNT I
### (TRADEMARK INFRINGEMENT—15 U.S.C. § 1114(1))

23. Raptim International realleges paragraphs 1 through 22.

24. WTS's unauthorized use of the infringing and diluting names constitute a commercial use in interstate commerce.

25. The acts of defendant WTS alleged herein were done without plaintiff's consent, and constitute a use in commerce and interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of a federally registered mark of plaintiff in connection with the sale, offering for sale, distribution, or advertising of goods or services of defendant. Such use by defendant WTS has caused or is likely to cause confusion, or to cause mistake or to deceive in violation of 15 U.S.C. §1114(1).

26. Without plaintiff's consent, and in violation of 15 U.S.C. §1114(1), defendant WTS has reproduced, counterfeited, copied, or colorable imitated a registered mark of plaintiff and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, advertisements or other items intended to be used in commerce and interstate commerce upon or in connection with the sale, offering for sale, distribution, or

advertising of goods or services or in connection with which such use is likely to cause confusion, or cause mistake or to deceive.

27. Accordingly, defendant WTS has infringed the trademark rights of plaintiff in violation of the Trademark Laws of the United States, particularly 15 U.S.C. §1114(1).

28. Defendant's use of plaintiff's federally-registered RAPTIM® mark was and is intentional. Defendant's acts as alleged herein have been and are being performed with defendant's knowledge of plantiff's exclusive rights in the United States to the RAPTIM® mark, and with knowledge that defendant's imitation of plaintiff's RAPTIM® mark would cause confusion, or cause mistake or deceive. Defendant's acts as alleged herein constitute a use of a mark in connection with the sale, offering for sale, or distribution of goods or services in an intentional, willful and fraudulent violation of 15 U.S.C. §1114(1)(a) in an attempt to confuse and deceive the purchasing public for defendant's profit.

29. Defendant WTS, by the acts complained of herein, has caused and is causing injury to plaintiff, the public and the market in which plaintiff and defendant do business.

30. Defendant WTS has made, and will make, unlawful gains and profits from its infringement of plaintiff's RAPTIM® mark, and plaintiff, due to defendant's unlawful infringement, has been and is being deprived of goodwill, rights and profits which otherwise would inure to plaintiff. Defendant's acts of infringement have caused and are causing irreparable injury to Raptim International and plaintiff will continue to suffer such injury unless defendant is enjoined.

31.     In addition, defendant's infringement has resulted in damages and injury to Raptim International in an amount as yet undetermined.

## COUNT II
### (TRADEMARK DILUTION—15 U.S.C. § 1125(c))

32.     Raptim International realleges paragraphs 1 through 31 above.

33.     The RAPTIM® mark is famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and was famous and distinctive before the time of WTS's use of the mark, as described above.

34.     WTS's continued use of the mark is injuring the reputation enjoyed by the RAPTIM® mark by, among other things, causing the dilution of the distinctive quality by blurring or tarnishing such mark's image, and otherwise lessening the capacity of the RAPTIM® mark to identify and distinguish the services provided by Raptim International, the Raptim Companies and their authorized affiliates.

35.     In addition, on information and belief, Defendant WTS willfully intended to trade on the plaintiff's reputation or to cause dilution of its famous mark, entitling plaintiff to the remedies set forth in sections 1117(a) and 1118 of 15 U.S.C.

36.     WTS has caused and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to Raptim International, and Raptim International is entitled to preliminary and permanent injunctive relief to enjoin WTS's acts and prevent further violations of its rights.  Raptim International has no adequate remedy at law.

37.     Defendant's actions have resulted in damages and injury to Raptim International in an amount as yet undetermined.

## COUNT III
### (UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN—15 U.S.C. § 1125(a))

38. Raptim International realleges paragraphs 1 through 37 above.

39. Defendant has no rights in and no right to use the mark RAPTIM®.

40. By the acts complained of herein, defendant WTS has engaged in acts of unfair competition and false designation of origin in violation of the Trademark Laws of the United States, particularly 15 U.S.C. §1125(a). Among other things, WTS perpetuates the false and misleading commercial impression that WTS is licensed or otherwise authorized to use the RAPTIM® mark and trade name for promotion of its products and/or services, or is otherwise affiliated, connected, associated with or sponsored by Raptim International or the Raptim Companies.

41. Defendant WTS's acts as alleged herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the defendant with plaintiff, or as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by plaintiff.

42. Defendant WTS, by the acts complained of herein, has caused and is causing injury to the plaintiff, the public and the market in which plaintiff and defendant do business.

43. WTS has caused and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Raptim International, and plaintiff is entitled to preliminary and permanent injunctive relief to enjoin WTS's acts and prevent violation of its rights. Raptim International has no adequate remedy at law.

44. In addition, defendant's actions have resulted in damages and injury to Raptim International in an amount as yet undetermined.

## COUNT IV
### (CYBERPIRACY—15 U.S.C. § 1125(d))

45. Raptim International realleges paragraphs 1 through 44 above.

46. Defendant's registration and use of the domain name wtsraptim.com was and is without the consent, permission or authority of Raptim International.

47. Defendant's registration and use of the domain name wtsraptim.com, which is confusingly similar to RAPTIM®, constitutes a misappropriation of Raptim International's famous mark.

48. Defendant's registration and use of the wtsraptim.com domain name was, and is, performed with a bad faith intent to profit therefrom.

49. Defendant's registration and use of the domain name wtsraptim.com is likely to cause confusion or deceive customers as to the source, sponsorship, affiliation or endorsement of the defendant's site.

50. Defendant has unlawfully and wrongfully derived, and will continue to derive, income and profits from its cyberpiracy.

51. WTS's cyberpiracy has caused immediate and irreparable harm to the plaintiff Raptim International and, unless enjoined by the Court will continue to cause immediate and irreparable harm. Raptim International has no adequate remedy at law.

52. Defendant's actions have resulted in damages and injury to Raptim International in an amount as yet undetermined.

## COUNT V
### (COMMON LAW SERVICE MARK INFRINGEMENT)

53.    Raptim International realleges paragraphs 1 through 52 above.

54.    The RAPTIM® mark is inherently distinctive, or in the alternative has acquired secondary meaning, in the minds of the public as indicating the origin of the plaintiff's services and identifying services known to them by trade name.

55.    The acts of the defendant WTS have created a likelihood that the public will be deceived into thinking that it is dealing with the plaintiff when it is in fact dealing with the defendant.

56.    Defendant's actions have caused and, unless such acts and practices are enjoined by this Court, will continue to cause, consumer confusion as to the source, origin, sponsorship and/or affiliation of WTS's products and their relationship to Raptim International's products and services.

57.    As a result of such conduct, Raptim International has suffered and, unless such acts and practices are enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill. Raptim International has no adequate remedy at law.

58.    In addition, defendant's actions have resulted in damages and injury to Raptim International in an amount as yet undetermined.

## COUNT VI
### (COMMON LAW UNFAIR COMPETITION)

59.    Raptim International realleges paragraphs 1 through 58 above.

60.    The acts of WTS as described above constitute unfair competition.

61. WTS has profited and, unless such acts and practices are enjoined by this Court, will continue to profit by misappropriating the time and money the Raptim Companies have invested in establishing their reputations and goodwill.

62. As a result of such conduct, Raptim International has suffered and, unless such acts and practices are enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill.

63. WTS has caused and, unless such acts and practices are enjoined by this Court, will continue to cause consumer confusion as to the source, origin, sponsorship and/or affiliation of defendants' products and their relationship to Raptim International's products and services. Raptim International has no adequate remedy at law.

64. Defendant's actions have resulted in damages and injury to Raptim International in an amount as yet undetermined.

## COUNT VII
### (SERVICE MARK DILUTION/INJURY TO REPUTATION— MASS. GEN. LAWS C. 110B, §12)

65. Raptim International realleges paragraphs 1 through 64 above.

66. Raptim International's mark is distinctive and is a strong mark, or in the alternative, has acquired secondary meaning.

67. WTS's use of similar marks has created the likelihood of dilution of the distinctive quality of plaintiff's RAPTIM® mark and has created the likelihood of injury to plaintiff's business reputation.

68. By reason of the foregoing, Raptim International is entitled to injunctive relief to enjoin WTS's unlawful conduct.

## COUNT VIII
## (UNJUST ENRICHMENT)

69. Raptim International realleges paragraphs 1 through 68 above.

70. Defendant's conduct constitutes, and will constitute in the future, unjust enrichment to defendant in many respects, including amounts received in sales and revenues by defendant.

71. Unless plaintiff is compensated for any ill-gotten benefits, defendant will be unjustly enriched as a result of its inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, Raptim International demands judgment against WTS as follows:

A. Enjoining permanently, and during the pendency of this action, WTS and its agents, directors, officers, employees and all others acting in concert or participation with WTS from taking any further action in violation of the rights of Raptim International including but not limited to using the RAPTIM® mark or trade name, or any colorable imitation thereof, in connection with any marketing, advertising or sale, in connection with any travel services or other goods or services, or in any other manner which infringes, dilutes or otherwise violates Raptim International's rights or those of its affiliates;

B.  Enjoining permanently, and during the pendency of this action, WTS and its agents, directors, officers, employees and all others acting in concert or participation with WTS from committing any act calculated or likely to cause the public or trade to believe that WTS or its goods, services or commercial activities are in any manner connected, affiliated or associated with, or sponsored by the Raptim Companies and from otherwise unfairly competing with the Raptim Companies or from infringing, diluting or otherwise violating Raptim International's rights;

C.  Ordering that the defendant WTS be required to deliver up to the plaintiff for destruction any an all advertising or other documents identifying the defendant WTS as affiliated in any way with the Raptim Companies;

D.  Ordering that the domain name wtsraptim.com, and any other domain name incorporating the mark RAPTIM®, be transferred to the plaintiff Raptim International;

E.  Ordering that the defendant WTS account for all profits that it has realized through the aforesaid unlawful acts;

F.  Awarding the plaintiff Raptim International damages, including enhanced or treble damages, and directing that defendant account for and pay over to Raptim International all gains, profits, unjust enrichment and advantages derived by defendant as a result of its conduct;

G.  Awarding the plaintiff Raptim International maximum statutory damages under Count IV;

H.  Awarding the plaintiff Raptim International its costs and disbursements and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

I.  Granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiff demands a trial by jury of all issues triable of right by jury.

RAPTIM INTERNATIONAL TRAVEL INC.,
By its attorneys

*/s/ Howard J. Castleman*

Howard J. Castleman, Esq., BBO #551259
Murtha Cullina LLP
99 High Street
Boston, MA 02110
Tel: (617) 457-4000

OF Counsel

Michael J. Berchou, Esq.
Tara Hart-Nova, Esq.
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, New York 14203-2887
Telephone No.: (716) 847-8400

Dated: July 21, 2004

BFLO Doc. # 1405445.1

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)**
   Raptim International Travel Inc. v. Waterfront Travel Service, Inc.

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   ___ I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**
   no related cases

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**
   YES    (NO)

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)**
   YES    (NO)

   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**
   YES    NO

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?**
   YES    (NO)

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**
   YES    NO

   A.  **IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?**
       EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

   B.  **IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?**
       (EASTERN DIVISION)   CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Howard J. Castleman
ADDRESS            Murtha Cullina LLP, 99 High Street, Boston, MA 02110
TELEPHONE NO.      (617) 457-4000

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Raptim International Travel Inc.

**DEFENDANTS**
Waterfront Travel Service, Inc.

(b) County of Residence of First Listed Plaintiff  Niagra County, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Howard J. Castleman, Esq.
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110   Telephone: (617) 457-4000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  |  | [ ] 640 R.R. & Truck |  | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability |  | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
|  | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other | [X] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability |  |  |  | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |  |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty |  |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS -Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property |  | [ ] 550 Civil Rights |  |  |  |
|  |  | [ ] 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.) Trademark Infringement
Lanham Act, 15 U.S.C. § 1051, et seq.; Lanham Act, 15 U.S.C. § 1125(c); Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Anticybersquatting Act, 15 U.S.C. § 1125(d); common law service mark and trade name infringement.

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 7/22/04

SIGNATURE OF ATTORNEY OF RECORD  Howard J. Castleman

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____