UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAPTIM INTERNATIONAL TRAVEL INC., <br><br>  Plaintiff, <br><br> v. <br><br> WATERFRONT TRAVEL SERVICE, INC., <br><br>  Defendant. | Civil Action No. 04-11645 (DPW) |

## WATERFRONT TRAVEL SERVICE, INC.'S ANSWER AND COUNTERCLAIMS

Waterfront Travel Service, Inc. ("Waterfront"), by and through its attorneys, Robinson & Cole LLP, responds as follows to the allegations of the Complaint of Raptim International Travel Inc. ("Raptim International"):

### PARTIES

1. Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. Waterfront admits the allegations contained in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. The allegations contained in Paragraph 3 of the Complaint state legal conclusions to which no response is required.

4. The allegations contained in Paragraph 4 of the Complaint state legal conclusions to which no response is required.

BOST1-836807-1

## **BACKGROUND**

5. Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6. Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7. Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Waterfront is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13. Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16. Waterfront denies the allegations contained in Paragraph 16 of the Complaint.

17. Waterfront denies the allegations contained in Paragraph 17 of the Complaint.

18. Waterfront admits that it received an unsigned letter from Raptim Transport Services dated March 23, 2004, and states that the March 23, 2004 letter speaks for itself.

19. Waterfront denies the allegations contained in Paragraph 19 of the Complaint.

20. Waterfront denies the allegations contained in Paragraph 20 of the Complaint.

21. Waterfront denies the allegations contained in Paragraph 21 of the Complaint.

22. Waterfront denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT I
## (TRADEMARK INFRINGEMENT - 15 U.S.C. §1114(1))

23. Waterfront repeats the responses set forth in Paragraphs 1 through 22 above and incorporates them by reference as though fully set forth herein.

24. Waterfront denies the allegations contained in Paragraph 24 of the Complaint.

25. Waterfront denies the allegations contained in Paragraph 25 of the Complaint.

26. Waterfront denies the allegations contained in Paragraph 26 of the Complaint.

27. Waterfront denies the allegations contained in Paragraph 27 of the Complaint.

28. Waterfront denies the allegations contained in Paragraph 28 of the Complaint.

29. Waterfront denies the allegations contained in Paragraph 29 of the Complaint.

30. Waterfront denies the allegations contained in Paragraph 30 of the Complaint.

31. Waterfront denies the allegations contained in Paragraph 31 of the Complaint.

## COUNT II
## (TRADEMARK DILUTION – 15 U.S.C §1125(c))

32. Waterfront repeats the responses set forth in Paragraphs 1 through 31 above and incorporates them by reference as though fully set forth herein.

33. The allegations contained in Paragraph 33 of the Complaint state legal conclusions to which no response is required.

34. Waterfront denies the allegations contained in Paragraph 34 of the Complaint.

35. Waterfront denies the allegations contained in Paragraph 35 of the Complaint.

36. Waterfront denies the allegations contained in Paragraph 36 of the Complaint.

37. Waterfront denies the allegations contained in Paragraph 37 of the Complaint.

## COUNT III
## (UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN – 15 U.S.C. §1125 (a))

38. Waterfront repeats the responses set forth in Paragraphs 1 through 37 above and incorporates them by reference as though fully set forth herein.

39. Waterfront denies the allegations contained in Paragraph 39 of the Complaint.

40. Waterfront denies the allegations contained in Paragraph 40 of the Complaint.

41. Waterfront denies the allegations contained in Paragraph 41 of the Complaint.

42. Waterfront denies the allegations contained in Paragraph 42 of the Complaint.

43. Waterfront denies the allegations contained in Paragraph 43 of the Complaint.

44. Waterfront denies the allegations contained in Paragraph 44 of the Complaint.

## COUNT IV
## (CYBER PIRACY – 15 U.S.C. §1125(d))

45. Waterfront repeats the responses set forth in Paragraphs 1 through 44 above and incorporates them by reference as though fully set forth herein.

46. Waterfront denies the allegations contained in Paragraph 46 of the Complaint.

47. Waterfront denies the allegations contained in Paragraph 47 of the Complaint.

48. Waterfront denies the allegations contained in Paragraph 48 of the Complaint.

49. Waterfront denies the allegations contained in Paragraph 49 of the Complaint.

50. Waterfront denies the allegations contained in Paragraph 50 of the Complaint.

51. Waterfront denies the allegations contained in Paragraph 51 of the Complaint.

52. Waterfront denies the allegations contained in Paragraph 52 of the Complaint.

## COUNT V
### (COMMON LAW SERVICE MARK INFRINGEMENT)

53. Waterfront repeats the responses set forth in Paragraphs 1 through 52 above and incorporates them by reference as though fully set forth herein.

54. Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 54 of the Complaint.

55. Waterfront denies the allegations contained in Paragraph 55 of the Complaint.

56. Waterfront denies the allegations contained in Paragraph 56 of the Complaint.

57. Waterfront denies the allegations contained in Paragraph 57 of the Complaint.

58. Waterfront denies the allegations contained in Paragraph 58 of the Complaint.

## COUNT VI
### (COMMON LAW UNFAIR COMPETITION)

59. Waterfront repeats the responses set forth in Paragraphs 1 through 58 above and incorporates them by reference as though fully set forth herein.

60. Waterfront denies the allegations contained in Paragraph 60 of the Complaint.

61. Waterfront denies the allegations contained in Paragraph 61 of the Complaint.

62. Waterfront denies the allegations contained in Paragraph 62 of the Complaint.

63. Waterfront denies the allegations contained in Paragraph 63 of the Complaint.

64. Waterfront denies the allegations contained in Paragraph 64 of the Complaint.

## COUNT VII
### (SERVICE MARK DILUTION/INJURY TO REPUTATION – MASS. GEN. LAWS c.110B §12)

65. Waterfront repeats the responses set forth in Paragraphs 1 through 64 above and incorporates them by reference as though fully set forth herein.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent that a response is required, Waterfront is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 66 of the Complaint.

67. Waterfront denies the allegations contained in Paragraph 67 of the Complaint.

68. Waterfront denies the allegations contained in Paragraph 68 of the Complaint.

## COUNT VIII
### (UNJUST ENRICHMENT)

69. Waterfront repeats the responses set forth in Paragraphs 1 through 68 above and incorporates them by reference as though fully set forth herein.

70. Waterfront denies the allegations contained in Paragraph 70 of the Complaint.

71. Waterfront denies the allegations contained in Paragraph 71 of the Complaint.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses Waterfront states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Waterfront's use of the RAPTIM mark was, at all relevant times, authorized.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovery by its own acts and conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Waterfront's use of the RAPTIM mark has not caused and is not likely to cause confusion or to cause mistake or to deceive.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because plaintiff has suffered no injury as a result of any conduct on the part of Waterfront.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Waterfront has not acted in bad faith or with a bad faith intent to profit from use of the RAPTIM mark.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Waterfront believed and had reasonable grounds to believe that the use of the www.wtsraptim.com domain name was lawful.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Waterfront was not unjustly enriched.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Waterfront's actions were neither wrongful nor improper.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all actions taken by Waterfront were for legitimate business purposes.

**WHEREFORE**, Waterfront respectfully requests that the Court:

1.   Enter judgment in favor of Waterfront on each of the counts in plaintiff's Complaint;

2.   Award Waterfront its costs and reasonable attorneys' fees; and

3.   Award Waterfront such other relief as the Court may deem just and appropriate.

### DEFENDANT'S JURY CLAIM

The Defendant, Waterfront, demands a trial by jury on all issues so triable.

### COUNTERCLAIMS OF WATERFRONT TRAVEL SERVICE, INC.

For its counterclaims against Raptim International Travel, Inc. ("Raptim International"), Waterfront Travel Service, Inc. ("Waterfront") states as follows:

### PARTIES

1.   Waterfront is a Massachusetts corporation with a principal place of business at 102 Union Wharf, Boston, Massachusetts.

2.  On information and belief, Raptim International is a New York corporation with its principal place of business at 145 North Fourth Street, Lewiston, New York.

## JURISDICTION

3.  This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1332 and 1367.

4.  Venue in this District is proper under 28 U.S.C. 1391(a).

## FACTS

5.  Waterfront is a travel agency providing a full range of travel related services to individuals and groups, including without limitation religious groups.

6.  On information and belief, Raptim Travel Services, B.V. ("Raptim Travel Services") is a corporation organized under the laws of the Netherlands.

7.  On information and belief, Raptim Travel Services provides travel related services primarily to religious missionary groups.

8.  In or about November 1991, Raptim Transport Services recruited Waterfront to increase Raptim Transport Services' visibility in the U.S. Roman Catholic market.

9.  On or about November 26, 1991, Waterfront entered into a letter agreement with Raptim Travel Services wherein Raptim Travel Services appointed Waterfront a "representative" of Raptim Transport Services, effective December 1, 1991 (the "December 1991 Agreement").

10. The December 1991 Agreement authorized Waterfront to utilize the RAPTIM mark.

11. At all relevant times, Waterfront has operated as a representative of Raptim Transport Services.

12. At all relevant times, Raptim Transport Services explicitly and impliedly licensed Waterfront's use of the RAPTIM mark, and received consideration from Waterfront in exchange for that license.

13. At all relevant times, Waterfront has continuously identified itself publicly (e.g., on Waterfront's letterhead, in its promotional materials and on its website) as "WTS/Raptim Transport Service Representative" and "Waterfront Travel Service, Inc., A Raptim Transport Service Representative."

14. On information and belief, Raptim International is an affiliate of Raptim Transport Services.

15. At all relevant times, Raptim International was aware of and acquiesced in Waterfront's use of the RAPTIM mark.

16. At all relevant times, Raptim International impliedly licensed Waterfront's use of the RAPTIM mark.

17. Beginning in December 1991, and at all relevant times, Waterfront has incurred substantial costs and invested substantial amounts of money promoting its relationship as a representative of Raptim Transport Services.

18. Waterfront made these expenditures in reliance on the conduct and representations of Raptim Transport Services and Raptim International.

19. Raptim Transport Services and Raptim International were aware of Waterfront's efforts and expenditures to promote its relationship as a representative of Raptim Transport Services, including Waterfront's use of the RAPTIM mark.

20.     Raptim Transport Services and Raptim International benefited from Waterfront's efforts and expenditures promoting Waterfront's relationship as a representative of Raptim Transport Services, as well as Waterfront's use of the RAPTIM mark.

21.     On or about October 9, 2003, Raptim International purported to terminate Waterfront's license to use the RAPTIM mark.

22.     Raptim International failed to provide Waterfront with reasonable notice prior to its purported termination of its license to use the RAPTIM mark.

23.     Raptim International purported to terminate Waterfront's license to use the RAPTIM mark for the purpose of unfairly competing with Waterfront.

## COUNT ONE
## (DECLARATORY JUDGMENT)

24.     Waterfront repeats the allegations set forth in Paragraphs 1 through 23 of these Counterclaims and incorporates them by reference as though fully set forth herein.

25.     An actual controversy exists with respect to the parties' respective rights concerning use of the RAPTIM mark.

26.     Waterfront respectfully requests a declaration that its use of the RAPTIM mark was at all times authorized and did not constitute trademark infringement in violation of 15 U.S.C. § 1141(1), trademark dilution in violation of 15 U.S.C. § 1125(c), unfair competition or false designation of origin in violation of 15 U.S.C. §1125(a), or service mark violation in violation of the common law or Mass.Gen.Laws 110B § 12.

## COUNT TWO
## (BREACH OF CONTRACT)

27.     Waterfront repeats the allegations set forth in Paragraphs 1 through 26 of these Counterclaims and incorporates them by reference as though fully set forth herein.

28. At all relevant times, Waterfront had an express or implied license from Raptim International to use the RAPTIM mark.

29. Raptim International's conduct, including without limitation failing to provide reasonable notice prior to purportedly terminating Waterfront's license to use the RAPTIM mark, constitutes a breached that license.

30. As a result of Raptim International's conduct, Waterfront has suffered damages in an amount to be determined at trial.

## COUNT THREE
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

31. Waterfront repeats the allegations set forth in Paragraphs 1 through 30 of these Counterclaims and incorporates them by reference as though fully set forth herein.

32. At all relevant times, Waterfront had an express or implied license from Raptim International to use the RAPTIM mark. Waterfront's license agreement with Raptim International contained an implied covenant of good faith and fair dealing.

33. Raptim International's conduct, including without limitation failing to provide reasonable notice prior to purportedly terminating Waterfront's license to use the RAPTIM mark and for the purpose of unfairly competing with Waterfront, constitutes a breach of the implied covenant of good faith and fair dealing.

34. As a result of Raptim International's conduct, Waterfront has suffered damages in an amount to be determined at trial.

## COUNT IV
### (VIOLATION OF MASS. GEN. LAWS 93A, §§2, 11)

35. Waterfront repeats the allegations set forth in Paragraphs 1 through 34 of these Counterclaims and incorporates them by reference as though fully set forth herein.

36. Raptim International is a "person" within the meaning of M.G.L. c. 93A, § 1.

37. At all relevant times, Raptim International was engaged in "trade" or "commerce" within the meaning of M.G.L. c. 93A, § 1.

38. Raptim International's conduct, including without limitation purporting to terminate Waterfront's license to use the RAPTIM mark without providing Waterfront with reasonable notice and for the purpose of unfairly competing with Waterfront, constitute unfair and deceptive trade practices.

39. Raptim International's actions were knowing and willful.

40. Raptim International's actions occurred primarily and substantially in Massachusetts.

41. As a result of Raptim International's conduct, Waterfront has suffered damages in an amount to be determined at trial.

**WHEREFORE**, Waterfront respectfully requests that the Court:

1. Enter judgment in favor of Waterfront on each of the counts in these Counterclaims;

2. Declare that Waterfront's use of the RAPTIM mark was at all times authorized and did not constitute trademark infringement in violation of 15 U.S.C. § 1141(1), trademark dilution in violation of 15 U.S.C. § 1125(c), unfair competition or false designation of origin in violation of 15 U.S.C. § 1125(a), or service mark violation in violation of the common law or Mass.Gen.Laws 110B § 12;

3. Award Waterfront damages in amount to be determined at trial;

4. Award Waterfront double or treble damages pursuant to Mass.Gen.Laws 93A;

5. Award Waterfront its costs and reasonable attorneys' fees; and

6. Award Waterfront such other relief as the Court may deem just and appropriate.

## JURY CLAIM

The counterclaim plaintiff, Waterfront, demands a trial by jury on all issues so triable.

Respectfully submitted,

**WATERFRONT TRAVEL SERVICE, INC.**

By its attorneys,

/s/ John R. Bauer
John R. Bauer, BBO # 630742
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA  02108-4404
(617) 557-5900

Dated: September 27, 2004