UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

RAPTIM INTERNATIONAL TRAVEL INC.,

          Plaintiff,

vs.                                            Civ. Action No. 04-11645 (DPW)

WATERFRONT TRAVEL SERVICE, INC.,

          Defendant.

---

**REPLY TO COUNTERCLAIMS**

Raptim International Travel, Inc. ("Raptim International"), by its attorneys, Murtha Cullina LLP, for its reply to defendant's counterclaims, alleges as follows:

1.     Raptim International admits the allegations in paragraph 1 of the counterclaims.

2.     Raptim International admits the allegations in paragraph 2 of the counterclaims.

### JURISDICTION

3.     Raptim International admits the allegations in paragraph 3 of the counterclaims.

4.     Raptim International admits the allegations in paragraph 4 of the counterclaims.

### FACTS

5.     Raptim International is without knowledge or information sufficient to form a belief as to the allegations in paragraph 5 of the counterclaims, and therefore denies same.

6.      In response to the allegations in paragraph 6 of the counterclaims, Raptim International admits that Raptim Transport Services, BV ("Raptim Transport"), not Raptim Travel Services, BV, is a Netherlands corporation; and denies the remaining allegations in paragraph 6.

7.      In response to the allegations in paragraph 7 of the counterclaims, Raptim International admits that Raptim Transport, not Raptim Travel Services, BV, provides travel related services to religious missionary groups; and denies the remaining allegations in paragraph 7.

8.      In response to the allegations in paragraph 8 of the counterclaims, Raptim International admits that, in 1991, Raptim Transport and WTS communicated with respect to Raptim Transport's visibility in the Roman Catholic market; and denies the remaining allegations in paragraph 8.

9.      In response to the allegations in paragraph 9 of the counterclaims, Raptim International admits that Raptim Transport entered into a letter agreement with WTS on or about November 26, 1991, which agreement speaks for itself; and denies the remaining allegations in paragraph 9.

10.     In response to the allegations in paragraph 10 of the counterclaims, Raptim International refers to the 1991 letter agreement, which speaks for itself; and denies the remaining allegations in paragraph 10.

11.     Raptim International denies the allegations in paragraph 11 of the counterclaims.

12.     Raptim International denies the allegations in paragraph 12 of the counterclaims.

13. Raptim International is without knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the counterclaims, and therefore denies same.

14. In response to the allegations in paragraph 14 of the counterclaims, Raptim International admits that Raptim Transport is a subsidiary of Raptim Intercontinental Holdings, BV; objects to the allegations in paragraph 14 to the extent they state legal conclusions for which no response is required; and denies the remaining allegations in paragraph 14.

15. Raptim International denies the allegations in paragraph 15 of the counterclaims.

16. Raptim International denies the allegations in paragraph 16 of the counterclaims.

17. Raptim International denies the allegations in paragraph 17 of the counterclaims.

18. Raptim International denies the allegations in paragraph 18 of the counterclaims.

19. Raptim International denies the allegations in paragraph 19 of the counterclaims.

20. Raptim International denies the allegations in paragraph 20 of the counterclaims.

21. In response to the allegations in paragraph 21 of the counterclaims, Raptim International admits that, in October, 2003, Raptim International terminated WTS's rights to use the mark RAPTIM®, and denies the remaining allegations in paragraph 21.

22. Raptim International denies the allegations in paragraph 22 of the counterclaims.

23. Raptim International denies the allegations in paragraph 23 of the counterclaims.

## COUNT ONE
### (DECLARATORY JUDGMENT)

24. Raptim International repeats its responses above with respect to paragraphs 1 through 23 of the counterclaims.

25. Raptim International admits the allegations in paragraph 25 of the counterclaims.

26. Raptim International denies the allegations in paragraph 26 of the counterclaims.

## COUNT TWO
### (BREACH OF CONTRACT)

27. Raptim International repeats its responses above with respect to paragraphs 1 through 26 of the counterclaims.

28. Raptim International denies the allegations in paragraph 28 of the counterclaims.

29. Raptim International denies the allegations in paragraph 29 of the counterclaims.

30. Raptim International denies the allegations in paragraph 30 of the counterclaims.

## COUNT THREE
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

31. Raptim International repeats its responses above with respect to paragraphs 1 through 30 of the counterclaims.

32. Raptim International denies the allegations in paragraph 32 of the counterclaims.

33. Raptim International denies the allegations in paragraph 33 of the counterclaims.

34. Raptim International denies the allegations in paragraph 34 of the counterclaims.

## COUNT FOUR
### (VIOLATION OF MASS. GEN. LAWS 93A, §§ 2, 11))

35. Raptim International repeats its responses above with respect to paragraphs 1 through 34 of the counterclaims.

36. The allegations contained in paragraph 36 of the counterclaims state legal conclusions for which no response is required.

37. The allegations contained in paragraph 37 of the counterclaims state legal conclusions for which no response is required.

38. Raptim International denies the allegations in paragraph 38 of the counterclaims.

39. Raptim International denies the allegations in paragraph 39 of the counterclaims.

40. Raptim International denies the allegations in paragraph 40 of the counterclaims.

41. Raptim International denies the allegations in paragraph 41 of the counterclaims.

42. Any factual allegation in the counterclaims not specifically admitted above is hereby denied. Plaintiff reserves the right to raise additional affirmative and other defenses.

### FIRST DEFENSE

Defendant's counterclaims should be dismissed because they fail to state a claim upon which relief can be granted and otherwise state no meritorious claim.

### SECOND DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrine of laches and/or estoppel.

### THIRD DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH DEFENSE

Defendant's claims are barred because defendant has suffered no damage or injury as a result of the acts complained of.

### FIFTH DEFENSE

The actions complained of do not fall within the scope of Mass. Gen. Laws 93A.

### SIXTH DEFENSE

The activities and transactions complained of did not occur primarily and substantially within Massachusetts. Mass. Gen. Laws 93A §§ 2, 11, therefore, do not apply.

### SEVENTH DEFENSE

Defendant failed to mitigate its damages.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiff demands a trial by jury of all issues triable of right by jury.

### PRAYER FOR RELIEF

WHEREFORE, Raptim International demands judgment against WTS as follows:

A.   Dismissing the counterclaims;

B.   Granting the relief demanded in the complaint;

      C.      Awarding Raptim International costs and reasonable attorneys' fees; and

      D.      Granting such other and further relief as the Court may deem just and proper.

RAPTIM INTERNATIONAL TRAVEL INC.,
By its attorneys

*Howard J. Castleman*

_____
Howard J. Castleman, Esq., BBO #551259
Murtha Cullina LLP
99 High Street
Boston. MA 02110
Tel:  (617) 457-4000

Of Counsel

Michael J. Berchou, Esq.
Tara Hart-Nova, Esq.
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, New York  14203-2887
Telephone No.:  (716) 847-8400

BFLO Doc. # 1422558.1

Dated: October 18, 2004.